IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 7, 2011

## STATE OF TENNESSEE v. BRITTANY RENEE CHAMBERS

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2010-B-1286     Cheryl A. Blackburn, Judge**

_____

**No. M2011-00623-CCA-R3-CD** - Filed August 8, 2012

_____

Defendant, Brittany Renee Chambers, pled guilty to burglary, a class D felony, pursuant to a negotiated plea agreement.  The parties agreed that the sentence would be eight years as a Range III persistent offender, that three other counts of the indictment would be dismissed, and that the trial court would determine the manner of service of the sentence.  After finding that Defendant had at least nine prior felony convictions, fourteen misdemeanor convictions, and had violated probation and parole several times, the trial court ordered Defendant to serve the entire sentence in the Department of Correction.  Defendant appeals, arguing that the trial court should have ordered the sentence to be served in the alternative sentencing of community corrections.  After a thorough review of the entire record, we affirm the judgment of the trial court pursuant to Rule 20 of the Rules of the Court of Criminal Appeals of Tennessee.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and D. KELLY THOMAS, JR., JJ., joined.

Dawn Deaner, District Public Defender; Emma Rae Tennent, Assistant Public Defender; and Mary Kathryn Harcombe, Assistant Public Defender, Nashville, Tennessee, for the appellant, Brittany Renee Chambers.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Brian Ewald, Assistant District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

Pertinent to the sentencing decision of the trial court, in addition to the facts stated above, is the fact that the burglary offense in the case *sub judice* was committed while Defendant was on parole for one of her prior felony convictions. Parole had been revoked by the time Defendant pled guilty to the burglary in the case *sub judice,* and she was still incarcerated for this prior felony offense at the time of sentencing in the case on appeal. The sentencing hearing was held in December 2010. Defendant's counsel stated near the conclusion of the hearing that Defendant should be released from incarceration on the prior felony in March 2011. She asked the trial court to take the sentencing determination under advisement until Defendant was released from custody. The trial court declined defense counsel's request.

The sole issue raised by Defendant is that she should have been sentenced to the community corrections program instead of incarceration in the Department of Correction. It was undisputed that Defendant was serving a sentence of incarceration *at the time of the sentencing* in this burglary case. As recognized by the trial court and defense counsel at the sentencing hearing, Tennessee Code Annotated section 40-36-106, which governs eligibility standards for defendants to be sentenced to community corrections, provides in part as follows: "(2) [p]ersons who are sentenced to incarceration . . . *at the time of consideration* will not be eligible for punishment [in community corrections]." Tenn. Code Ann. § 40-36-106(a)(2) (emphasis added).

At the time the trial court pronounced the manner of service of the sentence, Defendant was statutorily ineligible to be sentenced to community corrections. Accordingly, Defendant is not entitled to relief in this appeal.

## CONCLUSION

The judgment of the trial court was in a proceeding without a jury, it was not a determination of guilt, the evidence does not preponderate against the finding of the trial court, and no error of law requiring a reversal of the judgment is apparent on the record. Accordingly, the judgment of the trial court is affirmed by memorandum opinion pursuant to Rule 20 of the Rules of the Court of Criminal Appeals of Tennessee.

_____
THOMAS T. WOODALL, JUDGE